IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| WORKHORSE GROUP, INC., <br><br> Plaintiff, <br> v. <br> OUTLAST TECHNOLOGIES LLC, <br><br> Defendant. | Case No: 1:20-cv-00774 <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Outlast Technologies LLC ("Outlast") has breached implied warranties related to product it sold and delivered to Workhorse Group, Inc. ("Workhorse"). In fact, All Cell Technologies, LLC ("All Cell") and the Illinois Institute of Technology sued Workhorse in the Federal District Court for the Southern District of Indiana claiming patent infringement related to the very product Outlast sold and supplied to Workhorse. Workhorse has suffered damages and continues to suffer damages related to Outlast's breaches.

## THE PARTIES

1.　Workhorse is a corporation organized and existing under the laws of the State of Nevada, with its principal place of business at 100 Commerce Drive, Loveland, Ohio 45140.

2.　Workhorse is in the business of developing and manufacturing electric vehicles and plug-in hybrid vehicles.

3. Outlast is a Delaware corporation with its principal office located at 831 Pine Ridge Road, Golden, Colorado 80403.

## JURISDICTION & VENUE

4. This Court's subject-matter jurisdiction is based on 28 U.S.C. §1332 because there is complete diversity of citizenship between Workhorse and Outlast, and the amount in controversy exceeds $75,000, exclusive of interest, attorneys' fees, and costs.

5. This Court has personal jurisdiction over Outlast because it is a business organized under the laws of the State of Colorado, and regularly does business in the state.

6. Venue is proper in this district under 28 U.S.C. §1391(b)(1).

## FACTUAL BACKGROUND

7. In 2017, Workhorse purchased 20,500 units of Outlast's battery thermal management matrix products (the "Product") manufactured from Outlast LHS Composite (Low CTE Version).

8. At the time the Purchase Orders were placed, Outlast was aware that the Product was to be used by Workhorse for a particular purpose and that Workhorse relied on Outlast's expertise in manufacturing the Product.

9. On July 18, 2019, All Cell and the Illinois Institute of Technology filed suit against Workhorse for infringement of U.S. Patent Nos. 6,568,869, 6,942,944, and 8,273,474. A copy of the Complaint is attached as **Exhibit 1**.

10. Notably, paragraphs 16, 23, 32, and 42 of the Complaint include a photograph of the Product Outlast sold and delivered to Workhorse, and identifies it as the infringing product.

## FIRST CAUSE OF ACTION
### (Implied Warranty Against Infringement – C.R.S.A. § 4-2-312)

11. Workhorse incorporates by reference the allegations contained in all previous paragraphs of this Complaint, as if separately repeated here.

12. Upon information and belief, Outlast is a merchant and regularly sells the Product at issue here.

13. All Cell and the Illinois Institute of Technology sued Workhorse related to the Product Outlast sold Workhorse and first delivered in 2017. The case is still pending.

14. Outlast and Workhorse had no other agreement aside from the Purchase Orders.

15. Outlast breached its implied warranty by failing to deliver the Product free of the rightful claim of infringement by third parties.

16. Because of Outlast's breach, Workhorse has incurred damages and is exposed to additional damages for the infringement as alleged by All Cell and the Illinois Institute of Technology.

WHEREFORE, Workhorse Group, Inc., by counsel, requests judgment in its favor and against Outlast Technologies LLC for breach of implied warranties, damages to be assessed at a trial of this matter, and all other just and proper relief in the premises.

### SECOND CAUSE OF ACTION
**(Implied Warranty of Fitness for a Particular Purpose - C.R.S.A. § 4-2-315)**

17. Workhorse incorporates by reference the allegations contained in all previous paragraphs of this Complaint, as if separately repeated herein.

18. At the time the Purchase Orders were placed, Outlast knew or had reason to know that the Product was going to be used by Workhorse for a particular purpose.

19. Particularly, Workhorse used the Product to power its electric vehicles.

20. Workhorse relied on Outlast's skill or judgment to select and provide it with goods suitable for that purpose and expected that the Product was fit for that purpose.

21. However, and to Workhorse's dismay and at great cost, the Product did not perform as expected.

5

WHEREFORE, Workhorse Group, Inc., by counsel, requests judgment in its favor and against Outlast Technologies LLC for breach of implied warranties, damages to be assessed at a trial of this matter, and all other just and proper relief in the premises.

Respectfully submitted,

 /s/  R. Eric Gaum
R. Eric Gaum
egaum@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
200 Public Square, Suite 3500
Cleveland, Ohio  44114
Phone:  216-241-2838
Fax:  216-241-3707

Attorney for Plaintiff
Workhorse Group, Inc.